Ira Sylvester GODFROY et al., etc.

v.

The UNITED STATES.

The MIAMI TRIBE OF OKLA-
HOMA et al., etc.

v.

The UNITED STATES.
Appeal Nos. 6–71, 8–71.

United States Court of Claims.

Feb. 22, 1973.

Robert C. Bell, New York City, atty. of record for David L. Kiley and Estate of Walter H. Maloney, Sr., for appellants in Appeal No. 6–71 and for appellees in Appeal No. 8–71. Kiley, Osborn, Kiley & Harker, Marion, Ind., of counsel.

Louis L. Rochmes, Washington, D. C., atty. of record, for appellees in Appeal No. 6–71 and for appellants in Appeal No. 8–71. Edwin Rothschild and Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., of counsel.

Before COWEN, Chief Judge, LARAMORE and DURFEE, Senior Judges, and DAVIS, SKELTON and NICHOLS, Judges.

## ON MOTION FOR REHEARING

PER CURIAM:

These cases come before the court on the motion, filed November 6, 1972, for rehearing for David A. Kiley and Estate of Walter H. Maloney, attorneys for petitioners in Appeal No. 6–71, 467 F.2d 909. Upon consideration thereof, together with the opposition filed thereto, without oral argument,

It is ordered that the said motion for rehearing be and the same is denied.

SKELTON, Judge (dissenting):

The Indiana attorneys, who have represented the Miami Tribe of Indiana in these cases, have filed a motion for rehearing with reference to the opinion of this court of October 13, 1972, which, by a divided court, reversed the decision of the court of April 11, 1972. I would grant the motion for rehearing for all of the reasons set forth in the court's original opinion and in my dissent to the opinion of October 13, 1972, and for the additional compelling reasons.

The movants show that new evidence in the form of Public Law 92–309, 92d Congress, H.R. 5199 of June 2, 1972, divides the award on a per capita basis so that the 3,066 Miamis of Indiana and the 816 Miamis of Oklahoma will share the award on a per capita basis. This shows that the Oklahoma attorneys only recovered $816/3882$nds of the total awards for the Miami Tribe of Oklahoma and the Indiana attorneys recovered the remainder ($3066/3882$nds) for the Miami Tribe of Indiana. Of course Congress can pay the award any way it sees fit, but this statute has an important bearing on the equities in this appeal. Both sets of attorneys were entitled to attorney fees of 10 percent of the amount each recovered for their clients. This was true not only because of their contracts but also according to the Indian Claims Commission Act and the findings of the Commission. But the Indian Claims Commission, and this court in its last opinion, have ignored both the contracts, the findings of the Commission, and the Act and have allocated fees contrary to them. This is amply and forcefully shown by Report No. 92–778, Calendar No. 745, Senate, 92d Congress, 2d Session, ordered printed May 3, 1972, which states the amounts of the awards and attorney fees and how the attorney fees are to be paid. This report shows that $66,966 is allotted to the Miami Tribe of Indiana and the Miami Tribe of Oklahoma, jointly in docket 225,124–C, and $1,373,000 to them jointly in docket 256,124–D, E and F. In docket 225,124–C the Congress has allowed a total of $6,696.60 (10 percent) as attorney fees (*$4,687.62 chargeable against the Miami Tribe of Oklahoma out of its recovery of $14,076.32 and $2,008.98 chargeable against the Miami Tribe of Indiana out of its recovery of $52,889.68*).

In docket 256,124–D, E and F the Congress has allowed an attorney fee of $137,300 (10 percent) (*$96,110.00 chargeable against the Oklahoma Tribe* out of its recovery and $41,190.00 chargeable against the Indiana Tribe out of its recovery).

All of this leads to the ridiculous situation caused by the Commission's allowance of 70 percent of the total attorney fee to the Oklahoma attorneys and 30 percent to the Indiana attorneys, now affirmed by this court, whereby the Oklahoma attorneys are collecting 33.3 percent of the amount they recovered for their Oklahoma Indians when by contract and statute they were entitled to only 10 percent. On the other hand, the Indiana attorneys are collecting only 3.6 percent of the amount they recovered for their Indiana Indians when their contract and the statute entitles them to 10 percent and the Indiana Indians are willing to pay them the full 10 percent.

It was assumed in our prior opinions that the Indiana Indians would have to pay out of their recovery a part of the excess fees allotted to the Oklahoma attorneys (*i. e.*, a portion of the 70 percent of the total 10 percent of the total awards). Now it develops that this is not the case and that the entire excess of attorney fees paid to the Oklahoma attorneys will have to be paid by the Oklahoma Indians out of their recovery and not by the Indiana Indians. This is proper in a sense, inasmuch as they will be paying their own attorneys, but the amount (33.3 percent) is in excess of their contract and the statutory provisions (*i. e.*, 10 percent).

Thus, it appears that the two groups that are hurt by the decisions of the Commission and this court are (1) the Indiana attorneys, and (2) the Oklahoma Indians. Those who are benefited are (1) the Oklahoma attorneys, and (2) the Indiana Indians. It could be expected that such a result would occur when both the Commission and the court failed to follow the provisions of the statute and the contracts regarding attorney fees, notwithstanding the findings by the Commission that both sets of attorneys rendered valuable and diligent services for their clients in the case and that each was entitled to an attorney fee of 10 percent.

Should it develop that the Indiana Indians are required to pay any part of the excess attorney fees of the Oklahoma attorneys, notwithstanding the appropriation by Congress and the above Senate Report, this would be illegal for several reasons. The Indiana Indians had no contract with the Oklahoma attorneys, had not employed them, had never promised to pay them anything and object to paying them a fee. They employed their own attorneys, which was a right guaranteed to them by the Indiana Claims Commission Act.

The Oklahoma attorneys are not entitled to collect an attorney fee from the Indiana Tribe on the theory that these suits were class actions and they represented the Indiana Indians as a part of the class. This is because the record shows that the interest of the Oklahoma attorneys was adverse to that of the Indiana Tribe and such attorneys endeavored to prevent any recovery by them and sought the entire award for the Oklahoma Tribe. This proposition was first urged by the Indiana attorneys on pages 18–19 of their original brief in the first proceedings in this court where they quoted from the opinion of the Commission dated December 18, 1964, in pertinent part as follows:

In this case it was also agreed, initially, that both petitioners were entitled to participate in any award made by the Commission (Tr. 8). However, petitioner in Docket 256 now contends that the Miami Tribe of Oklahoma should be the sole representative before this Commission of the Miami tribe that existed at the time of the subject treaties and that any award by the Commission should be made only to the Miami Tribe of Oklahoma on behalf of the Miami tribe as it existed

as of the treaty dates. (14 Ind.Cl. Comm. 435). * * *

The Secretary of Interior has never recognized the Miami Tribe of Oklahoma as the representative of the Indiana Miamis but on the contrary has approved a contract between the Indiana Miamis and their attorney to prosecute the present suit.

In addition, the interest of the two groups of Miamis are not the same. It is to the interest of the Miamis of Oklahoma to be the full successor in interest to the original Miami Tribe and thus to keep any award within the corporate entity. They have made this claim in their petition and during the oral argument. It makes no difference that petitioner in Docket No. 256 declares it will represent all individuals entitled to share in a judgment and that some of the individual Indians in Indiana can participate in an award "if that is appropriate." (14 Ind.Cl.Comm. 440–441). * * *

We have found, therefore, that petitioners in Dockets 124–D, E, and F have a right to representation of their own choosing before this Commission. (14 Ind.Cl.Comm. 442). * * *

We have found, therefore, that neither of the petitioners is the full successor in interest to the original Miami tribe with whom the treaties were made inasfar as these treaties are concerned. Consequently, both petitioners are entitled to participate in the award and said award shall be made to both petitioners on behalf of the Miami tribe as it existed at the time the subject treaties took place. This is in accord with *Minnesota Chippewa* which made it clear that awards are to be made, "* * * not to individual descendants of tribal members at the time of the taking, but to the tribal entity or entities today." (14 Ind.Cl.Comm. 444).

Said attorneys pointed out on page 18 of such brief:

Not a little of the effort of Oklahoma Miami counsel was directed toward trying to obtain the awards in their entirety and solely for the Oklahoma Miami claimants. Not a little of the effort of Indiana Miami counsel was necessarily directed toward thwarting these efforts of Oklahoma Miami and their counsel to claim the entire tribal estate.

Again on pages 1–2 of the Reply Brief of the Indiana attorneys in the original proceeding in this court, we find the following statement:

Legal counsel for the Oklahoma Miami Tribe in Dockets 255 and 256 did everything possible to defeat a recovery by the Indian [sic] Miami Tribe in their cases (Dockets 124–C, 124–D, 124–E and 124–F). They disclaimed representation of the Indiana Miami. It is indeed anomalous that they should now claim any portion of the credit for the recovery enjoyed by the Indiana Miami Indians * * *.

The same contention was expressed on pages 16 and 19 of such reply brief.

This proposition was raised again by the Indiana attorneys on page 2 of their Response to Motion for Rehearing filed May 26, 1972, as follows:

The Indian Claims Commission appropriately cited and discussed at length (14 Ind.Cl.Comm. 437–443) the *McGhee* case and followed it when Oklahoma Miami counsel tried to preempt the cause of action of the Indiana Miami (asserting that the Oklahoma Miami were the sole legal entity and that the Indiana Miami had no right to press this claim).

The Indiana attorneys, on page 7 of the same Response stated:

The Indian Claims Commission and this Court correctly held that the Indiana Miami and Oklahoma Miami were separate claimant groups or classes, each of which was entitled to separate legal counsel. This in con-

formity with the usual rule as stated in 59 American Jurisprudence (Parties) 2d § 60:

> Diverse and potentially conflicting interests within the class are incompatible with the maintenance of a true class action. Persons having interests adverse, antagonistic, or hostile to those of the persons purported to be represented cannot maintain a representative or class suit in behalf of the latter, or be sued as their representatives * * *. (Citing cases and 132 ALR 766.)

On page 12 of the same Response, the Indiana attorneys stated:

> A contract of employment is necessary to render one liable for the services of an attorney. (7 C.J.S. [Attorney and Client, § 175, p.] 1041)

7 American Jurisprudence 2d 166 states:

> The creation of the relation of attorney and client by contract, express or implied, is essential to the right of an attorney to recover compensation for services. In general, there can be no recovery from one who did not employ or authorize employment of the attorney, however valuable the result of the attorney's services may have been. * * *

> The mere fact that the services an attorney renders for his client are beneficial to other parties does not entitle the attorney to recover *any compensation from those benefitted.*

In the present Motion for Rehearing, the Indiana attorneys state on page 7:

> IV. Oklahoma attorneys were hostile to the interests of Indiana Miami claimants and attempted to bar their recovery.

> Much of the effort of Oklahoma attorneys was directed toward defeating a recovery by Indiana Miami claim-

ants and obtaining all proceeds for their clients and themselves.

In the Reply Memorandum in Support of the Indiana Attorneys' present Motion for Rehearing, it is stated on page 2 thereof that "Oklahoma attorneys were adverse to Indiana Miami claimants," and the findings of the Commission in 14 Ind.Cl.Comm. 435, et seq., quoted above from the original brief of the Indiana attorneys in the original proceedings in this court are again quoted on pages 2–3 and urged by the Indiana attorneys in connection with the present Motion for Rehearing. On pages 4 and 5 of such Reply Memorandum, the following statements appear:

> It constitutes a manifest abuse of discretion to permit Oklahoma attorneys to recover any compensation from benefits accruing to Indiana Miami claimants when the work, efforts and representations of those attorneys were generally adverse to the interests *of Indiana Miami claimants.* At 7 Am.Jur.2d, § 220 (Attorneys at Law), we read:

>> Unless he acted with the consent of both parties, an attorney may not recover for services rendered to parties having opposing or adverse interests growing out of the same transaction.

Also, at 7 Am.Jur.2d, § 154, at 139 (Attorneys at Law):

> * * * It makes no difference how slight the adverse interest may be.

59 Am.Jur.2d, § 60, at 432 states:

> Diverse and potentially conflicting interests within the class are incompatible with the maintenance of a true class action. Persons having interests adverse, antagonistic, or hostile to those of the persons purported to be represented cannot maintain a representative or class suit in behalf of the latter, or be sued, as their representatives. * * *

Although the Oklahoma attorneys deny they tried to defeat any recovery

by the Indiana Indians and that they sought the entire recovery for the Oklahoma Indians, the findings of the Commission in 14 Ind.Cl.Comm. 435 quoted above refute this denial.

I have tediously belabored this point by citations from the record before us to allay any idea that this question has been raised for the first time by the Indiana attorneys in the present Motion for Rehearing. The proposition has been raised and urged by them at every stage of the proceedings in this court, although the court has not discussed it before.

It is clear that the Oklahoma attorneys cannot collect an attorney fee from the Indiana Tribe on the theory of a class action when their interest was adverse to that of such Tribe and they sought to defeat any recovery by the Tribe. The law is clear that an attorney cannot collect an attorney fee from the members of a class when he works against the interest of the class in the case. That appears to be the situation with respect to any claim of the Oklahoma attorneys for a fee from the Indiana Tribe before us. Of course, all of this is moot or academic if all of the fee awarded to the Oklahoma attorneys is paid out of the recovery of the Oklahoma Tribe as the Senate Report indicates it will be. It only becomes relevant if any part of such fee is claimed against the Indiana Tribe or collected from them.

I would grant the Motion for Rehearing of the Indiana attorneys and reapportion the attorney fees among the attorneys in accordance with the provisions of their contracts and the Indian Claims Commission Act and the findings of the Commission that each group of attorneys had rendered valuable and diligent services for their clients and each was entitled to an attorney fee of 10 percent [of the amount recovered by them for their respective clients].

COWEN, Chief Judge, joins in the foregoing dissent.